UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-1327-JBM |
| | ) |
| SUSAN PRENTICE, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for failure to protect and deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that in February 2016, his cellmate, Coffey, told him that voices were telling him to attack Plaintiff. Coffey allegedly threatened to hog-tie and beat both Plaintiff and correctional officers. Plaintiff relayed the threats to Defendant Nelson, a mental health counselor, who allegedly took no action. Plaintiff also informed Defendants Prentice, Punke and Smith, requesting to be moved to a different cell. He claims that Defendants did not respond to

1

the request, and walked away. Plaintiff alleges that he filed an emergency grievance which Defendant Pearce denied as an emergency. On 2/15/16, inmate Coffey assaulted Plaintiff, choking, beating and hog-tying him. Plaintiff was taken to St. James Hospital for treatment of undisclosed injuries.

Plaintiff alleges that Defendants Prentice, Punke, Smith and Nelson failed to protect him though aware of a credible threat. In a failure to protect claim a plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of Defendants. *See Henderson v. Sheahan*, 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999). It is not enough to make only general claims as a plaintiff must articulate a "specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). Here, it is not clear that Defendants had "actual knowledge" that Coffey was hearing voices and would act out. Plaintiff does not reveal whether Coffey was known to hear voices or whether he had acted violently on a prior occasion. Plaintiff states enough at the pleadings stage to go forward, with this issue likely to be examined at summary judgment on a more fully developed record. The failure to protect claim against Defendants Prentice, Smith, Punke and Nelson will proceed.

Plaintiff also alleges that Defendants Punke, Prentice, Nelson and Pearce "knew" of his condition and were deliberately indifferent to it. Here, Plaintiff does not identify any injury to establish a serious medical need, but one may be inferred as he was taken to the hospital. He does not reveal, however, how it was that Defendants "knew" of his need for care. He does not claim that he informed them, that Defendants saw that he was injured or that he requested medical treatment from them. For liability to attach, a plaintiff must show that prison officials "knew of the risk (or a high probability of the risk) and did nothing." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Plaintiff has failed to plead that and the deliberate indifference claim is

2

DISMISSED. Plaintiff will be given 30 days to replead this claim, should he wish.

Plaintiff alleges against Defendant Pearce, that Defendant is liable for determining that the grievance was not an emergency. Section 1983 liability, however, is predicated on fault. To be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007; *See also, Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006). Defendant Pearce is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the failure to protect claims against Defendants Prentice, Punke, Smith and Nelson identified herein. Plaintiff's deliberate indifference claim is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days to file an amended complaint as to the deliberate indifference claim, should he wish. If he does so, he is to file it as an amended complaint which must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Pearce is DISMISSED.

2. Plaintiff files [5] requesting the recruitment of pro bono counsel. While Plaintiff claims he has contacted several attorneys, he does not provide copies of the letters sent to, and received from, prospective counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

 _1/31/2018_        　　　　　　　　　　　 s/Joe Billy McDade  
ENTERED 　　　　　　　　　　　　　　　JOE BILLY McDADE  
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE