UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-1327-JBM |
| | ) |
| SUSAN PRENTICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging failure to protect at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that in February 2016, he was celled with inmate Coffey who is seriously mentally ill ("SMI"). Coffey allegedly threatened to assault and kill both Plaintiff and correctional officers. Plaintiff relayed the threats to Defendants Bryant, Prentice, Smith, Pierce, Punke, Nelson, Linsey, Coleman and Mister who took no action. Plaintiff alleges that on February 11, 2016, he filed an emergency grievance which Defendant Pearce denied as an

emergency. On February 15, 2016, inmate Coffey assaulted Plaintiff, choking, beating and hog-tying him. Plaintiff was taken to St. James Hospital for treatment of undisclosed injuries.

Plaintiff alleges that Defendants Bryant, Prentice, Smith, Pierce, Punke, Nelson, Linsey, Coleman and Mister were aware of a credible threat and were deliberately indifferent for failing to protect him. In a failure to protect claim, a plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of Defendants. *See Henderson v. Sheahan*, 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999). It is not enough to make only general claims as a plaintiff must articulate a "specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). Plaintiff states enough at the pleadings stage to go forward, with this issue likely to be examined at summary judgment on a more fully developed record. Defendants Bryant, Linsey, Coleman and Mister will be added to the caption.

Plaintiff had previously alleged and reasserts that Defendant Pearce is liable for determining that the grievance was not an emergency. As previously noted, this is insufficient to establish personal responsibility on the part of Defendant Pierce. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001). Plaintiff, however, has also alleged that he personally told Defendant Pierce of the threats by Coffey. As a result, the failure to protect claim will go forward as to Defendant Pierce as well as Defendants Bryant, Prentice, Smith, Punke, Nelson, Linsey, Coleman and Mister,

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the failure to protect claims against Defendants Pierce, Bryant, Prentice, Smith, Punke, Nelson, Linsey, Coleman and Mister, identified herein. Bryant, Linsey, Coleman and Mister are to be added as Defendants and the Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and

Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

    2.    Plaintiff's Motion for status [22] is rendered MOOT.

    3.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    4.    Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    5.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

_7/23/2018                                           s/Joe Billy McDade  
ENTERED                                            JOE BILLY McDADE  
                                                    UNITED STATES DISTRICT JUDGE